UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-81314-BLOOM

RATEEK ALLAH,
a/k/a Lincoln Terrell
a/k/a Lincoln Moody
    Plaintiff,

v.

SHERIFF RICHARD BRADSHAW,

    Defendant.
    _____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Rateek Allah's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, ECF No. [1] ("Complaint"), filed on July 30, 2021. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [3]. Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before the Court may consider the claims presented in the Complaint.

The Prison Litigation Reform Act states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015) ("[T]he [PLRA] . . . applies to both pretrial detainees and convicted prisoners." (alterations added)). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (citation omitted). "The proper procedure for a district court

faced with a prisoner who seeks *in forma pauperis* status but is barred by the three-strikes provision, is to dismiss the complaint without prejudice." *Brown v. Fla. Dep't of Corr.*, No. 21-cv-20142, 2021 WL 199698, at *1 (S.D. Fla. Jan. 20, 2021) (citation omitted). "A three-striker cannot pay the filing fee after initiating suit as a retroactive cure." *Id.* (citation omitted).

Plaintiff is a pretrial detainee currently incarcerated at the Palm Beach County Jail. ECF No. [1] at 2. Plaintiff alleges that the Palm Beach County Jail is violating his First Amendment rights to freedom of religion. *Id.* at 3-4. He states that when he was arrested on December 20, 2020, he told arresting officers and intake at the Jail that his legal name was "Rateek Allah," but he was disregarded and booked under the alias "Lincoln Terrell." *Id.* at 3. Plaintiff claims that for the past seven months, the Jail staff continues to refer to him by "this alias name in violation of [his] religion of Islam." (alteration added)). *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 4.

A review of Plaintiff's litigation history reveals he is a prolific *pro se* filer and a three-striker. The Court takes judicial notice of the following "strikes" under Federal Rule of Evidence 201: *Allah v. Fredericks*, No. 19-cv-00411-BHH (D.S.C. Dec. 17, 2020), ECF No. [63], (adopting Report and Recommendation and dismissing *Bivens* action for failure to state a plausible claim); *Allah v. Beasley*, No. 18-cv-02047-RDM-PT (M.D. Pa. May 12, 2020), ECF No. [18], (dismissing *Bivens* action under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Allah v. FNU Ramos*, No. 19-cv-00451-BJD-PRL (M.D. Fla. Dec. 4, 2019), ECF No. [10], (dismissing *Bivens* action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Allah v. Fed. Bureau of Prisons*, No. 18-cv-00016-JMS-DLP (S.D. Ind. Apr. 2, 2018), ECF No. [9], (dismissing *Bivens* action for failure to state a claim upon which relief can be granted); *Moody v. Copeland*,[1] No. 10-cv-03539-DGK (W.D. Mo. Jan. 3, 2017) ECF No. [62],

---

[1] The docket sheet lists the Plaintiff as "Rateek Allah f/k/a Lincoln Moody." *See Moody*, No. 10-cv-03539-DGK (Docket Sheet).

2

(dismissing *Bivens* action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim).[2] Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not satisfy the imminent danger exception to dismiss,[3] the Complaint will be dismissed without prejudice.

Accordingly, it **is ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** the above-styled case, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rateek Allah
a/k/a Lincoln Terrell
a/k/a Lincoln Moody
#0140000
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416

---

[2] The Court notes that the cases listed are illustrative but not exhaustive of all of Plaintiff's strikes under 28 U.S.C. § 1915(g).

[3] "To plead the imminent danger exception, the Court of Appeals for the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm." *Brown*, 2021 WL 199698, at *2 (citation omitted). Plaintiff's Complaint does not contain specific allegations of present immediate danger. *See* ECF No. [1].